**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KENNETH COPELAND**, | : | |
| | : | |
| Plaintiff, | **:** | |
| | **:** | |
| **vs.** | **:** | **5:05-CV-401(CAR)** |
| | **:** | |
| **MICHAEL HOOD,** | **:** | |
| **FEDERAL BUREAU OF PRISONS,** | **:** | |
| | **:** | |
| | **:** | |
| Defendants. | **:** | |

_____

### *O R D E R*

*Pro se* Plaintiff **KENNETH COPELAND**, who is also known as Robert Carswell, filed the

instant complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without pre-payment

of the filing fee or security therefor pursuant to 28 U.S.C. §1915(a).

Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA") pertaining to a

prisoner's ability to proceed *in forma pauperis*, as codified at 28 U.S.C. § 1915(g):

> [I]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on three or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United
> States that was dismissed that is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner

is precluded from proceeding *in forma pauperis* if at least three prior prison generated lawsuits or

appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which

relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and

dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C. § 1915(g);

Fed.R.Civ.P. 12(b)(6); *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998).

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right

to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the

constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. Party/Case Index reveals that Plaintiff has accumulated

three "strikes" in the United States District Court of the Middle District of Georgia at the time this

lawsuit was initiated. *See, Carswell v. Francisco,* 5:00-CV-162-WDO (M.D. Ga.); *Carswell v.*

*Owens*, 5:02-CV-155-CAR (M.D. Ga.); *Carswell v. Gilbert*, 5:99-CV-164-DF (M.D. Ga.). As such,

Plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies

for the "imminent danger of serious physical injury" exception of section 1915(g). This Court finds

no indication that Plaintiff is "under imminent danger of serious physical injury."

Because Plaintiff has more than three prior dismissals and is not under imminent danger of

serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is

**DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action, he may do so

by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the

complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he

must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 23rd  day of November, 2005.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

mh